IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

|  |  |  |
|---|---|---|
| STANLEY LENARD MALONE, | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| VS. | : | |
| | : | NO. 7:06-CV-100 (HL) |
| Warden HART, Deputy Warden PHILBIN, | : | |
| DR. PYE, Director of Mental Health | : | |
| NEWTON, and Counselor ROBERSON, | : | |
| | : | |
| Defendants | : | **O R D E R** |

Plaintiff **STANLEY LENARD MALONE**, an inmate has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. Plaintiff also seeks leave to proceed without prepayment of the $350 filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). Based on plaintiff's submissions, the Court finds that plaintiff is unable to prepay the filing fee. Accordingly, the Court **GRANTS** plaintiff's motion to proceed *in forma pauperis* and waives the initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1).

It is hereby **ORDERED** that plaintiff's custodian or his designee shall set aside twenty percent (20%) of all deposits made to plaintiff's trust fund account and forward those funds to the Clerk each time the amount set aside exceeds $10, until the $350 filing fee has been paid in full. 28 U.S.C. § 1915(b)(2). The Clerk of Court is directed to send a copy of this order to the business manager and the warden of the institution where plaintiff is incarcerated.

*I.  STANDARD OF REVIEW*

**A.  *28 U.S.C. § 1915(e)(2)***

Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to review complaints filed by prisoners against a governmental entity or its employees and dismiss any portion of the complaint the Court finds:  (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  An action is frivolous when the plaintiff's legal theory or factual contentions lack an arguable basis either in law or fact.  ***Neitzke v. Williams***, 490 U.S. 319, 325 (1989).  In determining whether a cause of action fails to state a claim on which relief may be granted, as contemplated by Federal Rule of Civil Procedure 12(b)(6), the Court must dismiss "if as a matter of law 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations,' . . . without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one."  ***Neitzke***, 490 U.S. at 327 (quoting ***Hishon* v. *King & Spalding***, 467 U.S. 69, 73 (1984)).

**B.  *General Requirements of 42 U.S.C. § 1983***

In order to state a claim for relief under section 1983, a plaintiff must allege two elements.  First, the plaintiff must allege that an act or omission deprived him of a right, privilege, or immunity secured by the Constitution of the United States.  ***See Wideman v. Shallowford Community Hosp., Inc.***, 826 F.2d 1030, 1032 (11th Cir. 1987).  Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law.  ***Id.***

**II.  DISCUSSION**

Plaintiff, an inmate at Valdosta State Prison ("VSP"), makes wide-ranging, conclusory

allegations about his treatment at VSP.  The following are plaintiff's claims that are directed to specific defendants:

### A.  Warden Hart

Plaintiff alleges that Warden Hart constantly rejects his grievances, apparently in a conspiracy with "the staff."  The Eleventh Circuit Court of Appeals has held, "We agree with other circuits that have decided that a prisoner does not have a constitutionally-protected liberty interest in an inmate grievance procedure." *Dunn v. Martin*, No. 04-03566, 2006 WL 1049403, at * 2 (11th Cir. Apr. 21, 2006); *see also Baker v. Rexroad*, 159 Fed. Appx. 61, 62 (11th Cir. 2005).  Therefore, the denial of a prisoner's grievances is not actionable under section 1983.

With regard to plaintiff's contention that Hart was conspiring with VSP officials, vague and general allegations of a state official's participation in a conspiracy are insufficient to support a conspiracy claim or to show a violation of section 1983.  *Fullman v. Graddick*, 739 F.2d 553 (11th Cir. 1984).  In conspiracy cases, a defendant must be informed of the nature of the conspiracy which is alleged.  It is not enough simply to allege in the complaint that a conspiracy existed.  Plaintiff has alleged absolutely no facts to support his claim of conspiracy.

### B.  Deputy Warden Philbin

Plaintiff sues Deputy Warden Philbin, who allegedly insulted plaintiff and threatened to lock plaintiff down.  Mere threats or verbal abuse do not constitute a violation of a federal constitutional right.  *McFadden v. Lucas*, 713 F.2d 143, 146 (5th Cir.), *cert. denied*, 464 U.S. 988 (1983). Without any showing of physical injury or damage, claims of verbal harassment, including insults

3

and threats, cannot form the basis of a claim under section 1983.  Plaintiff does not indicate he was physically harmed by Philbin's remarks in any way and consequently fails to state a claim.

### C.  Dr. Pye

Plaintiff sues Dr. Pye, plaintiff's former psychologist, because Dr. Pye "neglected" plaintiff's scheduled appointments and refused him unspecified follow-up treatment.

In *Estelle v. Gamble*, 429 U.S. 97, 104 (1976), the Supreme Court held that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain'. . . proscribed by the Eighth Amendment."  "Deliberate indifference " has three components: 1) subjective knowledge of a risk of serious harm; 2) disregard of that risk; and 3) conduct that is more than mere negligence.  *McElligott v. Foley*, 182 F.3d 1248, 1255 (11th Cir. 1999).  Decisions by prison medical staff relating to the exercise of professional judgment, even though they may constitute medical malpractice, do not violate the Eighth Amendment.  *Estelle*, 429 U.S. at 107; *see also Campbell v. Sikes*, 169 F.3d 1353, 1363-72 (11th Cir. 1999).

In this case, plaintiff's allegations do not meet the above standard and are therefore insufficient to state a claim of deliberate indifference to his medical needs by Dr. Pye.  Even if Dr. Pye missed scheduled appointments and refused "follow-up treatment" that plaintiff believed was appropriate, plaintiff's allegations indicate that plaintiff was receiving some treatment for his condition from Dr. Pye.  It is not the prerogative of this Court to make a judgment regarding the quality of the medical care plaintiff received, particularly where plaintiff has not alleged any injuries as a result of the allegedly deficient care.  Although the complaint against Dr. Pye suggests a claim

under state law for medical malpractice, it does not rise to the level of a constitutional violation cognizable under section 1983.

### D.  Director of Mental Health Newton

Plaintiff complains that he has "hear[d] from counselors that [Newton] has joined them in retaliation and personally makes the final decisions in neglection of assistance."  Plaintiff's claim of retaliation fails to state a claim of constitutional proportions.  Although he alleges that defendant Newton retaliated against him, he does not allege any facts regarding the nature of the retaliation. Merely making the conclusory claim that retaliation occurred is not sufficient for stating a constitutional claim under section 1983.  *Benson v. Cady*, 761 F.2d 335, 342 (7th Cir. 1985). Instead, a complaint must contain a chronology of events sufficient to infer that the retaliation actually occurred.  *Id.*  Here, plaintiff has alleged no chronology of events which would indicate that Newton  unconstitutionally retaliated against plaintiff for the exercise of any of his constitutionally protected rights.

### E.  Mental Health Counselor Roberson

Plaintiff contends that Counselor Roberson, in contravention of plaintiff's treatment plan, transferred plaintiff from a "calm" building to a "hostile" one.  According to plaintiff, defendant Roberson did this because she does not like plaintiff.  Plaintiff does not allege that he has suffered any injury or that his mental health condition was exacerbated as a result of the transfer.

As stated above, to state a claim under section 1983, plaintiff must allege deliberate indifference to his mental illness, and plaintiff's allegations against Roberson do not satisfy this

standard.  Although plaintiff apparently disagrees with Roberson's decision of where to place plaintiff, matters of medical judgment do not give rise to a section 1983 claim.  ***Faison v. Rosado***, 129 Fed. Appx. 490, 492 (11th Cir. 2005).

## III.  CONCLUSION

Accordingly, the complaint against the defendants should be **DISMISSED** as being frivolous under 28 U.S.C. § 1915(e)(2).

**SO ORDERED**, this 16th day of October, 2006.

s/   **Hugh Lawson**
HUGH LAWSON
UNITED STATES DISTRICT JUDGE

cr